**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-62790-KUNTZ**

**KEVIN ROGELIO RIVERA RIVERA,**

Petitioner,

v.

**MARKWAYNE MULLIN,** *et al.*,

Respondents.
_________________________________/

# ORDER

**THIS CAUSE** comes before the Court *sua sponte* on the Response to Order to Show Cause [ECF 6], filed on October 13, 2026. Previously, the Court received a Petition for Writ of Habeas Corpus [ECF 1], filed on October 2, 2026 by Kevin Rogelio Rivera Rivera, and as such, ordered the government to show cause why it should not be granted [ECF 5]. However, after reviewing the Petition, Response to Order to Show Cause, and applicable law, the Petition is **DENIED**.

## *Background*

The petitioner's identity is unusually murky. *See generally* [ECF 1]. Notably, the Petition only provides exhibits as to the status of the current case and underlying removal proceedings. *See generally* [ECF 1-1, 1-2, 1-3, 1-4, and 1-5]. Nevertheless, it appears that the petitioner is a Honduran national, "apprehended by immigration authorities at the border" on "June 10, 2019." [ECF 1 at page 2]. However, the Notice to Appear (NTA) charges the petitioner with entering without inspection "near Roma,

Texas" around "**February 14, 2019**." [ECF 6-1 at page 1] (emphasis added). Similarly, the I-213 provides greater details by indicating that Rivera Rivera is twenty-five years old and detained after a traffic stop in Miami. [ECF 6-3 at page 2]. Taken into custody by Immigration and Customs Enforcement (ICE) on September 3, 2026, his Notice to Appear (NTA) charges him with inadmissibility under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act (codified under 8 U.S.C. § 1182(a)(6)(A)(i)). *Id.*

Subsequently, on September 24, 2026, an Immigration Judge (IJ) denied him bond due to his "danger to the community and flight risk." [ECF 1-5 at page 1]. While the Petition requests immediate release *inter alia* [ECF 1 at page 18], it is improper for the following reasons.

## I. LEGAL STANDARD

Under 28 U.S.C. § 2241(a), a district court may grant a writ of habeas corpus as "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693, 128 S. Ct. 2207, 171 L. Ed. 2d 1 (2008) (internal quotation marks omitted). So, any petitioner who demonstrates unlawful detention under the Constitution or federal law may warrant immediate release under 28 U.S.C. § 2241(c)(3). Fundamentally, though, habeas relief is discretionary. *See Withrow v. Williams*, 507 U.S. 680, 716-19 (1993); *see also Hernandez v. Warden, Krome Serv. Processing Ctr.*, No. 26-cv-22756, 2026 U.S. Dist. LEXIS 117942, at *8-9 (S.D. Fla. May 28, 2026). Still, courts can exercise jurisdiction over certain challenges to immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001).

## II. DENIAL OF RELIEF

In this case, the Petition poses no real challenge. As a threshold matter, it is a shotgun pleading due to be dismissed. After all, Rule 8 of the Federal Rules of Civil Procedure governs pleading standards. *See Garcia-Machuat v. Ripa*, No. 26-cv-21533, 2026 U.S. Dist. LEXIS 49079, at *2 (S.D. Fla. Mar. 9, 2026) ("The Petition is a shotgun pleading"); *see also Chirinos v. Immigr. & Customs Enf't (ICE)*, No. 6:26-cv-00264, 2026 U.S. Dist. LEXIS 25677, 2026 WL 327639, at *8 (M.D. Fla. Feb. 8, 2026) ("[T]he [Habeas] Petition is a shotgun pleading subject to dismissal pursuant to Rule 8[.]"). Hence, "[Petitions] that violate Rule 8(a)(2)… are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). And a "typical shotgun pleading contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002).

Here, the Petition fails as such. Specifically, the Petition "re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein," even though that would mean Count II effectively swallows Count I. [ECF 1 at pages 8 and 10]. In turn, Rule 8 dictates dismissal.

But substantively, habeas relief is also inappropriate due to (A) the failure to exhaust administrative remedies, (B) the jurisdictional bar posed by 8 U.S.C. § 1226(e), and (C) the lack of an unlawfully long detention.

### *A. Failure to Exhaust Administrative Remedies*

First, habeas petitioners must generally exhaust available administrative remedies before seeking relief. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015). Although the Court's jurisdiction does not require exhaustion, district courts cannot ignore a petitioner's failure to exhaust, while granting relief on the merits, if respondents properly assert the defense. *Id.* at 474-75.

Here, even if the Court disagreed with the IJ's determination on dangerousness or flight risk, administrative remedies are patently available. *See Rojas-Hernandez v. Warden, Ice-Ero Ctr. Miramar*, No. 26-cv-61662, 2026 U.S. Dist. LEXIS 152925, at *2 (S.D. Fla. July 10, 2026). Also, the government challenged the failure to exhaust as "not excusable as futile." [ECF 6 at page 4]. *See Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003) (Sotomayor, J.) ("It would not have been futile for Beharry to raise his claim… before the IJ or BIA."). In this case, the petitioner has not appealed his denial of bond to the BIA either. [ECF 8 at page 2].

To that effect, under Eleventh Circuit precedent, the government contends that 8 U.S.C. § 1226 applies to aliens like the petitioner. *See Alvarez v. Warden, Fed. Det. Ctr. Mia.*, 175 F.4th 1258 (11th Cir. 2026). And, like the petitioner, "Hernandez Alvarez ha[d] no criminal history." *Id.* at 1263. *See* [ECF 6-3 at page 3]. So, the BIA must "apply the precedent of the relevant court of appeals in cases arising within the associated circuit - even if the Attorney General or the BIA itself disagrees with that precedent." *Garcia v. Garland*, 73 F.4th 219, 230 n.7 (4th Cir. 2023) (internal quotation marks omitted); *see also Stevens v. Osuna*, 877 F.3d 1293, 1303 (11th Cir.

2017) ("Immigration Judges are also bound both by agency precedent and by precedent established by the federal appellate courts." (internal quotation marks omitted)).

Put simply, the Petition's silence on administrative remedies assumes futility. *See generally* [ECF 1]. But while the Supreme Court has recently granted cert to a case resembling the facts of *Hernandez Alvarez*,[1] a timely request to the BIA for redetermination would not fall under *Matter of Yajure Hurtado,* 29 I&N Dec. 216 (BIA 2025), predating *Hernandez Alvarez*.

Ultimately, federal regulations require a bond hearing before an immigration judge and not this Court. *See* 8 C.F.R. §§ 1236.1(c)(8), (d)(1); *see also Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021) (following Section 1226, "DHS may arrest and detain the alien 'pending a decision on whether the alien is to be removed from the United States.'"); *see also McGee v. Warden*, 487 F. App'x 516, 518 (11th Cir. 2012) ("Because [the petitioner] did not exhaust his administrative remedies, the district court did not have jurisdiction to review his § 2241 petition."). Therefore, the Court declines to supplant the IJ or replace the regime of appealing to the BIA first.

***B. Jurisdictional Bar of 8 U.S.C. § 1226(e)***

Separately, there is the issue of the INA's jurisdiction-stripping language from 8 U.S.C. § 1226(e). In the Eleventh Circuit, jurisdiction is limited to final orders of removal. *See* INA § 242(a)(1), 8 U.S.C. § 1252(a)(1); *see also Jaggernauth v. United States AG*, 432 F.3d 1346, 1350 (11th Cir. 2005). Hence, an "IJ's bond or custody

[1] *See Da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *see also Perez v. Gonzalez*, No. 26-cv-62467, 2026 WL 2792870, at *1 (S.D. Fla. Sept. 10, 2026).

determination 'shall be separate and apart from, and shall form no part of, any deportation or removal hearing or proceeding' and… [i]n any event, the INA provides that the Attorney General's discretionary determination regarding bond is not reviewable. *See* INA § 236(e), **8 U.S.C. § 1226(e)**." *San Agustin v. U.S. AG*, 19-12261-K, 2019 U.S. App. LEXIS 23334, at *1-2 (11th Cir. Aug. 2, 2019) (emphasis added); *see also Dixit v. United States AG*, No. 19-11249-B, 2019 U.S. App. LEXIS 18146, at *1-2 (11th Cir. June 17, 2019) (finding a bond determination unreviewable under 8 U.S.C. § 1226(e)); *see also Riley v. United States AG*, No. 21-10175-H, 2021 U.S. App. LEXIS 33876, at *1 (11th Cir. 2021) (deeming judicial review inappropriate because of 8 U.S.C. § 1226(e)); *see also United States v. Velasquez*, 524 F.3d 1248, 1249 (11th Cir. 2008) ("Whether he should have been detained or released during the pendency of his immigration proceedings was a matter for an immigration judge to decide, and the district court lacks jurisdiction over immigration matters.")

Again, "as [the Supreme Court] explained, §1226(e) precludes an alien from challeng[ing] a 'discretionary judgment' by the Attorney General or a 'decision' that the Attorney General has made regarding his detention or release." *Demore* v. *Kim*, 538 U. S. 510, 516 (2003). Generally, §1226(e) does not preclude "challenges [to] the statutory framework that permits [the alien's] detention without bail." *Id.* at 517. However, the Petition makes no such challenge. *See generally* [ECF 1]. Incidentally, at least some members of the Supreme Court "continue to agree with Justice O'Connor's concurring opinion in *Demore* v. *Kim*, 538 U. S. 510 (2003), which explained that §1226(e) 'unequivocally deprives federal courts of jurisdiction to set

aside any action or decision by the Attorney General' regarding detention." *Jennings v. Rodriguez*, 583 U.S. 281, 323 (2018) (Thomas, J., concurring).

Also, "[d]espite *Sopo* being vacated as moot, courts within this Circuit continue to rely on it as persuasive authority in determining whether prolonged pre-removal detention passes constitutional muster." *J.D.O.M. v. Ayala*, No. 26-cv-00445, 2026 U.S. Dist. LEXIS 154082, at *8 (M.D. Ala. July 13, 2026). In that vein, the *Sopo* Court considered and condemned an argument suggesting that the government bore the burden of proof as to the matter of denying bond. *See Sopo v. United States AG,* 825 F.3d 1199, 1219-20 (11th Cir. 2016). Once more, "the Attorney General's decision regarding detention, bond, or parole is not reviewable by the courts." *Id.* at 1208.

### *C. Lack of an Unlawfully Long Detention*

Essentially, the Petition reckons that a brief two-week detention in 2019 rescues the petitioner from re-detention years later. [ECF 1 at page 10]. But judges in this District have often rejected exactly that argument. For example, in *Barrios*, Judge Gayles spurned that logic under *Zadvydas*, because eliding over intervals of "even one day" between attempts at deportation would "obstruct an area that is in the discretion of the Attorney General—effectuating removals." *Barrios v. Ripa*, No. 25-cv-22644, 2025 WL 2280485, at *8 (S.D. Fla. Aug. 8, 2025). *See Meskini v. Att'y Gen. of U.S.*, No. 14-CV-42, 2018 WL 1321576, at *4 (M.D. Ga. Mar. 14, 2018) (Land, C.J.) ("Get Out of Jail Free Card that may be redeemed at any time just because an alien was detained too long in the past."). Likewise, in *Flores-Reyes*, Judge Altman looked past an even greater passage of time than that currently faced by the

petitioner: "we don't think *Zadvydas* precludes the government from detaining a criminal alien for even one day just because he was detained for six months **over twenty years ago**." *Flores-Reyes v. Assistant Field Off. Dir.*, No. 26-cv-20226, 2026 U.S. Dist. LEXIS 30193, at *6 (S.D. Fla. Feb. 14, 2026) (emphasis added).

More precisely, *Zadvydas* holds that Due Process under the Fifth Amendment bars indefinite detention for aliens **who do not appear to be removable**. *See Zadvydas*, 533 U.S. at 690–96. But less than two months and two weeks since detention, it does not appear that the petitioner is unremovable. Thus, this Court defers to the plain language of 8 U.S.C. § 1252(g). Other challenges to deportation proceedings are, of course, cognizable. *Orozco v. United States INS*, 911 F.2d 539, 541 (11th Cir. 1990). However, this Court's precedents are manifestly clear that "to state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). To that end, the petitioner can contest the IJ's conclusions, but the petitioner's conclusory characterizations of a deficient denial by the IJ do not overcome the government's legitimate interests in areas such as combatting flight risk and danger, which *Zadvydas* does not disturb (and the Supreme Court has not limited). *Id.* at 690.

## III. CONCLUSION

In short, the Petition is premature and, as pled, does not entitle the petitioner to immediate release. *See Portillo v. Gualtieri*, No. 8:26-CV-1718-KKM-LSG, 2026

U.S. Dist. LEXIS 158467, 2026 WL 2069943, at *2 (M.D. Fla. July 17, 2026). Accordingly, for the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that the Petition [ECF 1] is **DENIED**. Further, the Clerk of Court must **CLOSE** this case, and any pending motions are **DENIED** as moot.

**DONE** in Fort Lauderdale, Florida on this 15th day of October 2026.

JEFFREY T. KUNTZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record